UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    STANLEY J. GRUDZINSKI                           06-01680 B
    LISA M. GRUDZINSKI,

                                Debtors
------------------------------------------------------

                          Edwin R. Ilardo, Esq.
                          5899 South Park Avenue
                          P. O. Box 887
                          Hamburg, New York 14075-0887
                          Attorney for the Trustee

                          Christopher J. Mikienis, Esq.
                          5838 Main Street
                          Williamsville, New York 14221
                          Attorney for the Debtors

Bucki, U.S.B.J.

<u>Memorandum</u>

      The chapter 7 trustee has moved to dismiss this bankruptcy proceeding, due to the failure to file payment advices as required by 11 U.S.C. § 521(a)(1)(B)(iv). In response, the debtors assert that they filed the required schedule of current income ("Schedule I"), and that Schedule I contains the essential information that would have been included in any payment advices.

      Section 521(i)(1) of the Bankruptcy Code states that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." In my recent decision in *In re Smith*, ___ B.R. ___, 2006 WL 2946146 (Bankr. W.D.N.Y. 2006), I noted that the standard for dismissal "is not one of materiality or substantial compliance. Rather, this

section requires dismissal unless the debtor has supplied not just some, but 'all of the information' from the payment advices."

In the present instance, Schedule I simply does not provide all of the information that would be included in the debtors' payment advices. For example, it reports no overtime, and it fails to show garnishments or to provide a complete breakdown of each category of withholdings.

The trustee filed the present motion on August 24, 2006, a date more than 45 days after the initial filing of bankruptcy. Because the debtors failed to file complete payment advice information within that period of time, this case was automatically dismissed. Accordingly, the trustee's motion is granted.

So Ordered.

Dated:   Buffalo, New York                                              /s/   CARL L. BUCKI
         November 9, 2006                                                      U.S.B.J.